*Gardner & White, for appellant.*

---

EMMA R. VANDEGRIFT'S ADMR. *v.* JOHN B. DAVEZAC.

[Abstract Kentucky Law Reporter, Vol. 4—898, as Vasdagrift's Admr. v. Davezac.]

**No Reversal on Evidence when Conflicting.**

Where the testimony is conflicting the verdict of a jury will not be disturbed if favorable to either party, and the same rule applies where the issues of fact have been determined by the chancellor (being purely legal), and his judgment will be treated as the verdict of a jury properly instructed.

APPEAL FROM KENTON CHANCERY COURT.

April 28, 1883.

Opinion by Judge Pryor:

The issues of fact in this case having been determined by the chancellor affords no reason for making the case an exception to the well established rule that upon such an issue (being purely legal) the judgment of the chancellor will be treated as the verdict of a jury properly instructed. The action was properly an action in ordinary for the recovery of $2,100, money loaned the defendant by the plaintiff at the former's instance and request, and the remaining cause of action was in the nature of an action for the recovery of personal property. Much testimony was taken on both sides, and the weight of the testimony considered to establish the defense relied on by the appellee. The only question about which there really is much doubt is as to the capacity of Vandegrift to transact business at the time the alleged receipt was given, evidencing the settlement between the parties and the repayment of the loaned money.

But on this point the testimony is conflicting, and the verdict of a jury could not be disturbed if favorable to either party. It is urged, however, that prior to the execution of the receipt evidencing the settlement relied on by appellee, a receipt was given by appellee to Vandegrift showing the payment of a month's board that included a portion of the period for which board was charged against him in that settlement, and that entries had been made in some books showing payments for board. The receipt of the month's board is not denied and must stand admitted, but such an admission is not sufficient to defeat the settlement shown to have been subsequently made, and by which the loaned money was accounted for. It may be persuasive of the fact that this payment had been overlooked, or it may be regarded as conducing to show that no such settlement was made, or if made that Vandegrift was in no condition by reason of his imbecility of intellect to understand it, but it is not conclusive of the existence of either fact, and when considered only as evidence on the issue made it was with the jury or the chancellor to determine what weight should be given it.

This case has some peculiar features connected with it, and a casual glance at the pleadings would impress the mind with the belief that the appellee had obtained the possession of both money and property belonging to the wife of Vandegrift or to her estate, to which she was not entitled. The proof, however, shows that she was on the most intimate and confidential relations with the testa-

trix, and was her bosom friend. Her acts of kindness and the affection manifested, as the record shows, by the one for the other, tend strongly to corroborate the statements made by the appellee as to how she obtained possession of the diamonds and other property claimed by the appellant in this action; and not only so, but there is positive proof sustaining the statements the appellee makes in addition to the circumstances surrounding the parties for many years prior to the testator's death. We are not unmindful of the fact that there is testimony conducing to defeat appellee's claim, but it was all weighed and considered by the court below, and if we had the power to disregard the judgment of the chancellor on an issue of fact, where the action is at law, we would be reluctant on the testimony before us to reverse his judgment.

The judgment is therefore *affirmed.*

*R. Richardson, for appellant.*

*Hallam & Perkins, for appellee.*